**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PRESTON MATHIS,** ) | **CASE NO. 1:10CV0046** |
| ) | |
| **Petitioner,** ) | **JUDGE KATHLEEN M. O'MALLEY** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **KEITH SMITH, Warden,** ) | |
| **Mansfield Correctional Inst.,** ) | |
| ) | |
| **Respondent.** ) | **REPORT & RECOMMENDATION** |

Petitioner, Preston Mathis ("Mathis"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Mathis*, Cuyahoga County Court of Common Pleas Case No. CR -507908. Mathis filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on January 8, 2010. On May 14, 2010, Warden Keith Smith ("Respondent") filed his Answer/Return of Writ. (Doc. No. 11.) Mathis filed a reply on June 14, 2010. (Doc. No. 12.) This matter is before the Court pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Mathis' Petition be denied.

## I. Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Mathis' conviction as follows:

> {¶ 4} Testimony by the state's witnesses showed that the victim had been with a group of people who left a party. Among these people was a man named George Little. Little and the victim began arguing, and the argument turned into a physical fight. The victim won the fight and Little left. Little returned by car about 20 minutes later with Mathis and another man. Mathis had a gun hanging out from his pants. One of the men asked the victim why he "jumped" Little. Little swung at the victim. As the victim began to fight back, Mathis stepped around two other people, said the word "bitch," pointed the gun at the victim and

shot.

{¶ 5} The bullet struck the victim in the left eye. The presence of stippling on the victim indicated that the gun had been only six to 18 inches from the victim's eye at the time it was fired.

*State v. Mathis,* 2009 WL 1912686, **1-2 (Ohio App. 8th Dist., Jul. 2, 2009).

## II. Procedural History

### A. Conviction

On July 1, 2008, Mathis was found guilty of the following: (1) one count of murder, including two firearm specifications; (2) one count of having weapons while under disability; (3) notice of prior conviction; and (4) a repeat violent offender specification.[1]  (Doc. No. 11-2 at 12-13.)  Mathis was sentenced to an aggregate prison term of twenty-three years to life.  (Doc. No. 11-2 at 12-14.)

### B. Direct Appeal

Represented by new counsel, Mathis filed a timely Notice of Appeal to the Eighth District Court of Appeals, Cuyahoga County ("state court of appeals"), raising three assignments of error:

1. The trial court erred in denying Appellant's Criminal Rule 29 Motion for acquittal when there was insufficient evidence to prove the elements of murder.

2. The Appellant's conviction for murder was against the manifest weight of the evidence.

3. The trial court erred in failing to instruct the jury on negligent homicide and involuntary manslaughter.

(Doc. No. 11-2 at 32-46.)  On July 2, 2009, the state appellate court affirmed Mathis' conviction. (Doc. No. 11-2 at 68-78.)

On August 17, 2009, Mathis, *pro se*, filed a Notice of Appeal to the Ohio Supreme Court presenting two propositions of law:

1. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that the Appellant was guilty of murder.

---

[1]A jury found Mathis guilty of the substantive charges while the trial judge, in a bifurcated proceeding, found him guilty of the enhancements supported by his prior record.

>   2. The Appellant's conviction for murder was against the manifest weight of the evidence.

(Doc. No. 11-2 at 79-96.) On December 2, 2009, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 11-2 at 107.)

### C. Petition to Vacate or Set Aside Sentence

In the interim, on August 10, 2009, Mathis, *pro se*, filed an untimely petition to vacate or set aside his sentence with the trial court, raising the following claims:

>   1. Appellant was deprived of the effective assistance of counsel provided by the Sixth Amendment.
>
>   2. Appellant was deprived of effective assistance of counsel where counsel did not seek use of a medical expert.
>
>   3. Appellant was deprived of effective assistance of counsel when counsel was subject to external constraints on his performance by the trial judge.
>
>   4. Appellant was deprived of effective assistance of counsel where counsel failed to introduce possible witnesses and evidence gathered by the hired investigater [sic] that could have supported Appellant's case.

(Doc. No. 11-2 at 108-113.) On August 24, 2009, the court denied the petition. (Doc. No. 11-2 at 121.)

### D. Federal Habeas Petition

Mathis' habeas petition raises a single ground for relief, the insufficiency of the evidence. (Doc. No. 1.)

### III. Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010, *quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006), *citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

Mathis contends that there was insufficient evidence for a jury to convict him of murder as it was not proven that he "purposely" caused the death of another as required by Ohio law. (Doc. No. 12 at 2-7.) Respondent avers that as the Court is required to view the evidence and testimony in the light most favorable to the prosecution, there was sufficient evidence to convict Mathis of murder. (Doc. No. 11 at 7-11.) Moreover, the Respondent contends that the state appellate court reasonably applied clearly established federal law. (Doc. No. 11 at 11.)

The Due Process Clause of the Fourteenth Amendment requires that a criminal

4

conviction be supported by proof beyond a reasonable doubt with respect to every element necessary to constitute the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979). In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *See id.*; *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). Moreover, federal courts are required to give deference to factual determinations made in state court and "[a]ny conflicting inferences arising from the record . . . should be resolved in favor of the prosecution." *Heinish v. Tate*, 9 F.3d 1548, 1993 WL 460782 (6th Cir. 1993) (unpublished opinion), *citing Walker*, 703 F.3d at 969-70; *Wright v. West*, 505 U.S. 277, 296 (1992) (the deference owed to the trier of fact limits the nature of constitutional sufficiency review.)

The state appellate court concluded that the prosecutor established the elements of murder:

> {¶ 2} When reviewing a claim that there is insufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
>
> {¶ 3} A person commits murder by purposely causing the death of another. R.C. 2903.02(A). An act is committed "purposely" when it is a person's specific intent to cause a certain result. R.C. 2901.22(A). "Intent may be inferred from the circumstances surrounding the crime." *State v. Herring*, 94 Ohio St.3d 246, 266, 762 N.E.2d 940, 2002-Ohio-796. Because intent dwells in the mind of the accused, an intent to act can be proven from the surrounding facts and circumstances. *State v. Treesh*, 90 Ohio St.3d 460, 484-485, 739 N.E.2d 749, 2001-Ohio-4. "An intent to kill may be presumed where the natural and probable consequence of a wrongful act is to produce death, and such intent may be deduced from all the surrounding circumstances, including the instrument used to produce death, its tendency to destroy life if designed for that purpose, and the manner of inflicting a fatal wound." *State v. Robinson* (1954), 161 Ohio St. 213, 118 N.E.2d 517, paragraph five of the syllabus. "A firearm is an inherently dangerous instrumentality, the use of which is likely to produce death." *State v. Seiber* (1990), 56 Ohio St.3d 4, 14, 564 N.E.2d 408.
>
> {¶ 4} Testimony by the state's witnesses showed that the victim had been with a group of people who left a party. Among these people was a man named George Little. Little and the victim began arguing, and the argument turned into a

> physical fight. The victim won the fight and Little left. Little returned by car about 20 minutes later with Mathis and another man. Mathis had a gun hanging out from his pants. One of the men asked the victim why he "jumped" Little. Little swung at the victim. As the victim began to fight back, Mathis stepped around two other people, said the word "bitch," pointed the gun at the victim and shot.
>
> {¶ 5} The bullet struck the victim in the left eye. The presence of stippling on the victim indicated that the gun had been only six to 18 inches from the victim's eye at the time it was fired.
>
> {¶ 6} Viewing this evidence in a light most favorable to the state establishes the essential elements of murder. By his own admission, Mathis carried a firearm, an inherently dangerous instrumentality. He accompanied Little in order to settle a score with the victim. As Little and the victim began fighting anew, Mathis pointed the gun at the victim and, calling him a name, fired from very close range. By pointing the gun and firing from such close range, the jury was entitled to presume that Mathis intended to kill the victim. He not only used an instrumentality that could cause death, his use of the word "bitch" indicated an animosity toward the victim that negated any claim that Mathis accidentally discharged the gun.

*State v. Mathis*, 2009 WL 1912686, \*\*1-2 (Ohio App. Dist., Jul. 2, 2009)

The state appellate court correctly identified the standard used in *Jackson* to resolve the claim that a conviction rests on insufficient evidence. The appellate court set forth the elements necessary to obtain a murder conviction under O.R.C. § 2903.02(A) and found, viewing the evidence in a light most favorable to the prosecution, that each of the elements had been proven at trial.

Mathis admits to discharging the gun, but he argues that he does not meet the essential elements of murder as the shooting was accidental rather than purposeful. (Doc. No. 12 at 4, 10.) The state appellate court noted there was sufficient evidence of Mathis' intent to kill as his animus towards the victim was clear and the shot was fired at close range.

Much of Mathis' argument regarding sufficiency involves his assessment of the credibility or believability of the prosecution witnesses and whether the jury should have accepted his version of the facts. (Doc. No. 12 at 2-4.) Suggesting that certain testimony should or should not have been believed or accepted by the jury is not the proper standard for determining the sufficiency of evidence. To the contrary, evidence must be considered in a light most favorable to the prosecution. *See Jackson*, 443 U.S. at 317.

As *Jackson* does not authorize a federal court to examine a state trial record and "reweigh

the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury," *Johnson v. Mitchell*, 583 F.3d 923, 931 (6th Cir. 2009), the Court finds that upon review of the record, the state appellate court properly applied clearly established federal law and reasonably concluded that a rational trier of fact could have found the essential elements of murder beyond a reasonable doubt.

Although not raised as a ground for relief in Mathis' Petition, he argues a manifest weight claim in his Reply. (Doc. No. 12 at 11.) As an argument raised for the first time in a reply brief is not properly before the Court, it need not be addressed. *See Palmer v. Bagley*, 2005 WL 3965400 (S.D. Ohio, Dec.16, 2005) ("A traverse, however, is not the proper vehicle in which to raise new claims or sub-claims in habeas corpus."); *Burns v. Birkett*, 2007 WL 2318740, *5, n. 2 (E.D. Mich. Aug.9, 2007) ("Because these claims are being presented for the first time in petitioner's traverse or reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not properly before this Court.")

Furthermore, manifest weight of the evidence claims are not cognizable in federal habeas corpus review. "The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without enough proof to allow a rational trier of fact to find guilt beyond a reasonable doubt." *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983); *Hess v. Eberlin,* 2006 WL 2090093, *6 (S.D. Ohio Jul. 25, 2006).

## IV. Conclusion

For the foregoing reasons, the Court recommends that Mathis' Petition be denied.

           s/ Greg White
           United States Magistrate Judge

Date:   January 7, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1)(C). Failure to file objections within the**

**specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**