**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PRESTON MATHIS,** ) | **CASE NO.1:10CV46** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **KEITH SMITH, Warden,** ) | **MEMORANDUM OF OPINION** |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Preston Mathis' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. Petitioner was indicted by a Cuyahoga County Grand Jury in 2008 on one count of Aggravated Murder with two Firearm Specifications, Notice of Prior Conviction, and a Repeat Violent Offender Specification; one count of Murder with two Firearm Specifications, Notice of Prior Conviction and Repeat Violent Offender

1

Specification; and one count of Having Weapon While Under Disability.

The case proceeded to a jury trial. On July 1, 2008, Petitioner was found guilty of one count of Murder, including the two Firearm Specifications; one count of Having Weapon While Under a Disability, and guilty of the Notice of Prior Conviction; and the Repeat Violent Offender Specification. The specifications were tried only before the trial judge. The trial court merged the one year and three year Firearm Specifications for the purposes of sentencing.  Petitioner was sentenced to fifteen years to Life for Murder; three years for the Firearm Specifications, and five years for Having Weapon While Under a Disability. All sentences are to be served consecutively for an aggregate term of incarceration of 23 years to Life.

Petitioner filed a timely Notice of Appeal to the Eighth District Court of Appeals. On July 2, 2009, the Court of Appeals affirmed Petitioner's conviction. On August 17, 2009, Petitioner filed a Notice of Appeal to the Ohio Supreme Court. On December 2, 2009, the Ohio Supreme Court dismissed the Appeal.  In the interim, on August 10, 2009, Petitioner filed an untimely Petition to Vacate or Set Aside his sentence with the trial court.  On August 24, 2009, the court denied the Petition.

On January 8, 2010, Petitioner filed the instant Petition asserting the following Ground for Relief:

**GROUND ONE:** Insufficiency of Evidence.

On March 3, 2010, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on January 7, 2011.  Petitioner filed his Objection to Magistrate Judge's Report and Recommendation on January 28, 2011.

2

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Petitioner contends that there was insufficient evidence for a jury to convict him of Murder.  Respondent asserts that as the Court is required to view the evidence and testimony in the light most favorable to the prosecution, there was sufficient evidence to

3

convict Petitioner of Murder, and that the Court of Appeals reasonably applied clearly established federal law.

The Magistrate Judge correctly concluded that the Court of Appeals found that the prosecutor established the elements of Murder. The Court of Appeals set forth the elements necessary to obtain a Murder conviction under Ohio Revised Code 2903.02(A) and found, viewing the evidence in a light most favorable to the prosecution, that each of the elements had been proven at trial. The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 317 (1979). In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *See id.; Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).

The Magistrate Judge points out that Petitioner's argument regarding sufficiency of the evidence involves his assessment of the credibility or believability of the prosecution witnesses, and whether the jury should have accepted his version of the facts. Suggesting that certain testimony should or should not have been believed or accepted by the jury is not the proper standard for determining the sufficiency of evidence. To the contrary, evidence must be considered in a light most favorable to the prosecution. *See Jackson*, 443 U.S. at 317. In his Objection to the Report and Recommendation, Petitioner repeatedly states that the evidence is insufficient, but provides no facts or evidence to support his claim. Petitioner simply asserts that there

is some evidence, but not enough to support the verdict.

The Court agrees with the Magistrate Judge that the Court of Appeals properly applied clearly established federal law and reasonably concluded that a rational trier of fact could have found the essential elements of murder beyond a reasonable doubt. The Court finds that Petitioner's claim is without merit as *Jackson* does not authorize a federal court to examine a state trial record and "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury," *Johnson v. Mitchell*, 583 F.3d 923, 931 (6th Cir. 2009).

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:2/16/2011

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge